

June 20, 2014

**VIA ECF**
Honorable Allyne R. Ross
U.S. District Court, EDNY
Brooklyn, New York 11201

      Re:    Freire v. New York Motor Group LLC et al.
               United States District Court, EDNY, Case No. 13-cv-7291

Dear Judge Ross:

      This firm represents Santander Consumer USA, Inc. ("SCUSA"), a defendant in Freire v. NY Motors Group, et al., Case No. 13-cv-7291 and Dong v. NY Motor Group, et al., Case No. 13-cv-2980. On behalf of SCUSA, we write in response to the Freire plaintiffs' June 9, 2014 letter seeking a pre-motion conference regarding their request to file a motion to amend their Complaint.

      The Freire matter is one of six cases filed over the last few months by retail customers of defendants NY Motors Group and Planet Motor Cars, all but one of whom are represented by the same law firm. Initially, the plaintiffs in the related matters alleged that the dealerships "used fraudulent and criminal means to induce them to enter into retail installment contracts" including misrepresentations about the costs for certain contracts, policies and other products and they sought to hold the lenders that financed the transactions (Capital One Auto Finance, M&T Bank, and SCUSA) responsible for the dealerships' alleged actions as assignees of the retail contracts. Now, perhaps fearful that the dealerships might file for bankruptcy or be otherwise unable to satisfy a judgment should they prevail, the plaintiffs have either added or seek to add, as the Freire plaintiffs do here against SCUSA, direct claims against the lenders which, plaintiffs allege, "conspired" with the dealerships to "accept assignment of the retail installment contracts regardless of the fraudulent or criminal means used to create the obligations." In an effort to buttress their claims, all plaintiffs refer to the allegations raised by the other plaintiffs as "evidence" of the dealerships' and lenders' wrongdoing.

      The Freire plaintiffs seek leave to add a claim against SCUSA under the Racketeering Influenced and Corrupt Organizations Act, 18 U.S.C. § 1961 *et seq.* ("RICO"). Plaintiffs allege that SCUSA is part of a RICO "enterprise" that includes the dealerships, the purpose of which is to put unsuspecting consumers into excessively high interest subprime car loans to obtain money by false and fraudulent pretenses. (See proposed Amended Complaint, Exhibit C to the June 9 letter, Count III, ¶¶ 144, 148). Based on the same allegations, the plaintiffs seek to add a claim against SCUSA under New York's Deceptive Acts and Practices Unlawful statute, NYGBL § 349. (proposed Amended Complaint, Count X, ¶ 258).

Honorable Allyne Ross, U.S.D.J.
June 20, 2014
Page 2

With respect to the proposed RICO claim, the Freire plaintiffs contend that SCUSA engaged in the following predicate acts which form the basis of a "pattern of racketeering activity:" (i) accepting by wire transfer the assignment of fraudulent retail installment contracts from the dealerships, including the Freire retail installment contract, (ii) funding by wire transfer the retail installment contracts, including the Freire contract and (iii) representing to retail consumers by telephone and mail services, including the Freire plaintiffs, that it conducts investigations of fraud and that the retail contracts are, until demonstrated otherwise, enforceable. *See* proposed Amended Complaint at Count III, ¶ 152(b)-(l)). In sum, plaintiffs contend that by virtue of engaging in the very activities that form the basis of its routine and lawful lending business such as accepting assignments of, and funding, retail installment contract and seeking to enforce those contracts by communicating with the borrowers that they are required to comply with the terms and conditions of those contracts without *any* knowledge that the contracts may have been procured by fraud, SCUSA is an active participant in a RICO enterprise.

For a multitude of reasons that SCUSA will address if necessary in opposition to a motion to amend, these allegations cannot form the basis of a RICO action. As but one example, in order to state a claim for mail and wire fraud (the predicate acts alleged here), plaintiffs must allege (1) the existence of a scheme to defraud; (2) the defendant's *knowing* participation in the scheme, and (3) the use of wire, mail or television communication in interstate commerce in furtherance of the scheme. *Chanayil v. Gulati*, 169 F.3d 168, 170-171 (2d Cir. 1999) (emphasis added). The Freire plaintiffs have not alleged, nor could they allege, that SCUSA was a knowing participant in the alleged scheme as SCUSA merely accepted assignment and funded the transaction as it does routinely in its business. That the retail installment contract may have been obtained by fraud does not turn SCUSA's actions into racketeering activity.

The Freire plaintiffs' Deceptive Practices Act claim is also futile. Under the statute, a plaintiff must allege: "(1) the act or practice was consumer-oriented; (2) the act or practice was misleading in a material respect; and (3) the plaintiff was injured as a result." *Spagnola v. Chubb Corp.,* 574 F.3d 64, 74 (2d Cir. 2009). As stated above, the proposed Amended Complaint is devoid of any allegations, never mind support, that SCUSA's actions were misleading in any material respect. SCUSA is not alleged to have knowledge, actual or otherwise, that the dealerships engaged in fraud and so its actions accepting assignment of the retail installment contract, funding the transaction, and seeking payment cannot establish the elements necessary to satisfy this statute.

Based on the foregoing, and those arguments raised by defendant M&T Bank in its submission filed today with the Court with regard to the related plaintiffs' identical proposed new claims in Tuhin v. New York Motors Group, 13-cv-5643, and Gabrys v. New York Motors Group, 13-cv-7290, SCUSA opposes the Freire plaintiffs' request for leave to file an Amended Complaint. We look forward to discussing these issues further with the Court.

                                              Respectfully,

cc: counsel of record (via ECF)         s/ Robert J. Brener