# SCHLANGER & SCHLANGER, LLP
## ATTORNEYS AT LAW

9 EAST 40TH STREET, SUITE 1300
NEW YORK, NEW YORK 10016
TEL: 914-946-1981  FAX: 914-946-2930
PETER.LANE@SCHLANGERLEGAL.COM
WWW.NEWYORKCONSUMERPROTECTION.COM

MICHAEL SCHLANGER, ESQ.
DANIEL A. SCHLANGER, ESQ.
ELIZABETH SHOLLENBERGER, ESQ.
PETER T. LANE, ESQ.*
*ADMITTED IN NY & MA

WESTCHESTER OFFICE
343 MANVILLE ROAD
PLEASANTVILLE, NY 10570

August 8, 2014

**VIA ECF**

Chief Magistrate Judge Steven M. Gold
U.S. District Court, Eastern District of New York
225 Cadman Plaza East
Brooklyn, NY 11201

    **Re:**    Alkhatib v. NY Motor Group, et al, Case No. 13-CV-2337;
Gabrys v. NY Motor Group, et al, Case No. 13-CV-7290;
Freire v. NY Motor Group, et al, Case No. 13-CV-7291;
Tuhin v. NY Motor Group, et al, Case No 13-CV-5643;
Dong v. NY Motor Group, et al, Case No 14-CV-2980;
Chowdhury v. NY Motor Group, et al, Case No. 14-CV-2981.

Your Honor:

    Our firm represents the Plaintiffs, except for Mr. Tuhin, in the above-referenced related lawsuits brought *inter alia* under the Truth In Lending Act, 15 U.S.C. §§ 1601 *et seq.* ("TILA") and the Racketeer Influenced and Corrupt Organizations Act, 18 U.S.C. § 1961, et seq. (RICO).  I am writing on behalf of all Plaintiff's pursuant to the Court's Order dated August 1, 2014 granting the joint motion of all parties to extend the deadline to submit letters outlining discovery disputes to today, August 8, 2014.

    **I.**    **DISCOVERY STATUS AND DISPUTES TO BE RAISED**

    The parties have exchanged discovery demands and responses and have consulted with each other on setting up dates for the parties' depositions.  Having reviewed all production to date and attempted in good faith to identify and discuss these issues with Defendants, Plaintiffs have identified the following 4 issues pertinent to all parties and expect to raise them at the adjourned status and pre-motion conference on August 14, 2014:

1. <u>Identification and disclosure of documents showing certain policies and procedures</u>:  Plaintiffs requested that the financial institution defendants identify and disclose documents showing policies and procedures for funding loans and taking assignment, handling consumer disputes, securing loans, enforcing liens, and investigating complaints of fraud.  No such policies and procedures or documents were identified by any Defendant and instead each raised general objections on the grounds of irrelevance, admissibility, or confidentiality and proprietary concerns.  Some Defendants (Santander and Capital One) have since identified that such documents may exist but stand by their objections.  Plaintiffs are willing to enter into a court approved confidentiality agreement if needed to facilitate the disclosure.

2. <u>Complaints of other consumers</u>:  Plaintiffs have requested of the financial institution defendants documents and communications from other consumer/borrowers (not-just related plaintiffs) where it was alleged that the consumer's loan assigned by NYMG and/or Planet Motor reflects a different financial obligation to the institution then was originally promised or represented to the consumer by any employee or agent at NYMG and/or Planet Motor.  Contrary to the objections of all defendants, these requests are proper and relevant, as any such information goes towards showing the existence and extent of a consumer oriented policy and procedure, under inter alia, NYGBL § 349, as alleged in all Complaints.  Plaintiffs are willing to enter into a negotiated and court approved confidentiality agreement in order to have this information disclosed.

3. <u>Audio Recordings</u>:  Plaintiffs have requested any audio recordings of communications related to the subject vehicle and transactions between the Dealerships and the various financial institutions.  Defendants have not provided any such recordings, though other documents responsive to this requests have been turned over.  For those Defendant's that have not yet stated, Plaintiffs are awaiting clarification of the existence of any requested recording.

4. <u>Communications</u>: Plaintiffs have asked for all communications related to the subject vehicles and transactions between the Dealerships and the various financial institution Defendants.  For those Defendant's that have not yet stated, Plaintiffs are awaiting clarification that the documents produced to date include all of the documents showing the requested communications.

In addition to these 4 generally applicable issues, Plaintiffs also identify two issues specific to the Tuhin and Chowdhury matters.

1. To date, no discovery responses have been provided by New York Motor Group relative to related-Plaintiff Tuhin.  The issue was raised in emails with both Mr. Weinstein and Mr. Minsky.  Mr. Weinstein, attorney of record to New York Motor Group at the moment, has not provided any response. Mr. Minsky has indicated that at this time he does not represent New York Motor Group in the Tuhin matter.

2. Moreover, Defendant M&T has objected to all discovery demands related to the claims of Nasrin Chowdhury and has refused to produce any documents in the Chowdhury matter. M&T's objection was stated as follows:

> M&T Bank objects to any and all requests for production of documents in the matter of Chowdhury v New York Motor Group, LLC, Docket No. 14 CV 2981, as the Order of the Court does not require such disclosure. In addition, no answer has been filed in the above action as M&T Bank has sought a conference prior to moving to dismiss numerous claims in that action.

## II.  DEPOSITON SCHEDULING

The Parties have also discussed a deposition schedule. Plaintiffs have proposed that the parties set specific dates for Depositions of the parties between September 5 and October 31, 2014. Capital One Auto Finance's counsel and I have been able to identify specific proposed dates for the depositions of Mr. Alkhatib, the Dealership Defendants, and COAF. All other Defendants have indicated their general agreement to holding depositions within this time frame, though both M&T and Santander believe more time may be required to complete all depositions given the number of parties and witnesses. Especially considering the likely motion schedule to be set at the conference on August 14, Plaintiffs are open to adjusting and expanding a deposition schedule as necessary and within reason. Plaintiffs expect to continue discussions with all parties over the next week in order determine specific dates, identify the topics for the 30b6 corporate witnesses, and to ultimately provide a more detailed deposition schedule for the Court at the conference on August 14, 2014.

Respectfully submitted,
 /s/ Peter T. Lane
Peter T Lane, Esq.

CC:   All Counsel (via ECF)