UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
--------------------------------------------------------------------X

ANWAR ALKHATIB,                                          **CASE NO. : 13-CV-2337**

           Plaintiff,(s)                         *Assigned Judge* (ARR)
                                                        *Magistrate* (SMG)


      -against-


NEW YORK MOTOR GROUP, LLC, CAPITAL ONE
AUTO FINANCE, INC. and PLANET MOTOR CARS,
INC.
           Defendants.
--------------------------------------------------------------------X
ZHENG HUI DONG,                                          **CASE NO.: 14-CV-2980**

      -against-


NEW YORK MOTOR GROUP LLC, PLANET MOTOR
CARS, INC., MAMDOH ELTOUBY, NADA ELTOUBY,
JULIO ESTRADA a/k/a "John" a/k/a "John Santos"
a/k/a "Jay Santos" a/k/a "John Dos Santos" a/k/a "John
Figueroa" a/k/a "Jay Torres", and SANTANDER
CONSUMER USA, INC.,


           Defendant(s).
--------------------------------------------------------------------X
NASRIN CHOWDHURY,                                        **CASE NO. : 14-CV-2981**

           Plaintiff,(s)


      -against-


NEW  YORK MOTOR GROUP LLC, PLANET MOTOR
CARS, INC., MAMDOH ELTOUBY, NADA ELTOUBY,
JULIO ESTRADA a/k/a "John" a/k/a "John Santos"
a/k/a "Jay Santos" a/k/a "John Dos Santos" a/k/a "John
Figueroa" a/k/a "Jay Torres", and
M&T BANK CORP.,


           Defendant(s).
--------------------------------------------------------------------X

-------------------------------------------------------------------------X

BORIS FREIRE and MIRIAM OSORIO,                    **CASE NO.: 13-CV-7291**

        -against-

NEW YORK MOTOR GROUP LLC, PLANET MOTOR
CARS, INC., MAMDOH ELTOUBY, NADA ELTOUBY,
JULIO ESTRADA a/k/a "John" a/k/a "John Santos"
a/k/a "Jay Santos" a/k/a "John Dos Santos" a/k/a "John
Figueroa" a/k/a "Jay Torres", and
SANTANDER CONSUMER USA, INC.,

           Defendant(s).
-------------------------------------------------------------------------X

SIMON GABRYS,                    **CASE NO. : 13-CV-7290**

         Plaintiff,(s)

        -against-

NEW  YORK MOTOR GROUP LLC, PLANET MOTOR
CARS, INC., MAMDOH ELTOUBY, NADA ELTOUBY,
JULIO ESTRADA a/k/a "John" a/k/a "John Santos"
a/k/a "Jay Santos" a/k/a "John Dos Santos" a/k/a "John
Figueroa" a/k/a "Jay Torres", and
M&T BANK CORP.,

           Defendant(s).
-------------------------------------------------------------------------X

## MEMORANDUM OF LAW ON BEHALF OF THE DEFENDANTS NEW YORK MOTOR GROUP LLC, PLANET MOTOR CARS, INC., MAMDOH ELTOUBY AND NADA ELTOUBY'S MOTION TO DISMISS

### LAW OFFICES OF BRUCE W. MINSKY, P.C.
112 Brick Church Road
New Hempstead, New York 10977
Phone: (646) 234-7006
Fax: (702) 973-6607

*Attorneys for the Defendant*
*NEW YORK MOTOR GROUP LLC, PLANET MOTOR CARS, INC., MAMDOH ELTOUBY and*
*NADA ELTOUBY*

September 23, 2014

# TABLE OF CONTENTS

*Page(s)*

TABLE OF AUTHORITIES ................................................................. i

PRELIMINARY STATEMENT .......................................................... 1

STANDARDS FOR A MOTION TO DISMISS ................................. 3

ARGUMENTS

    *POINT I* .......................................................................................... 4
    THE RICO COUNTS SHOULD BE DISMISSESD IN FAVOR OF THE
    NYMG DEFENDANTS AS THE PLAINTIFFS HAVE NOT
    PLED/CANNOT PLEAD VIABLE RICO CLAIMS

        A.    The Standard Required For a RICO Pleading. .................... 4
        B.    Plaintiffs Have Not Alleged the Required  Predicate ......... 5
              Acts of Fraud.
        C.    Plaintiffs Do Not Allege a "Pattern Of Racketeering ......... 8
              Activity".
            (i)    The Plaintiffs' Complaints Do Not Allege Open- ... 9
                   Ended  Continuity.
            (ii)   The Plaintiffs' Complaints Do Not Allege Closed- ... 10
                   Ended Continuity.
            (iii)  The Plaintiffs' Complaints Does Not Allege ......... 12
                   a Cognizable RICO "Enterprise."

    *POINT II* ....................................................................................... 14
    THE PLAINTIFFS' COMPLAINTS SHOULD BE DISMISSED AS TO
    DEFENDANTS MAMDOH ELTOUBY AND NADA ELTOUBY SINCE
    THOSE DEFENDANTS ACTED IN THEIR REPRESENTATIVE
    CAPACITY

    *POINT III* ...................................................................................... 15
    THE PLAINTIFFS' COMPLAINTS FAIL TO STATE A CLAIM FOR
    FRAUD AGAINST THE DEFENDANTS MAMDOH ELTOUBY AND
    NADA ELTOUBY

CONCLUSION ................................................................................... 17

## TABLE OF AUTHORITIES

_Cases_                                                                              _Pages(s)_

_Acito v. IMCERA Group, Inc._                                                        16
    47 F.3d 47 (2d Cir. 1995)

_Ashcroft v. Iqbal_                                                                  3, 4
    129 S.Ct. 1937 (2009)

_Bank v. Brooklyn Law School_                                                        13
    2000 WL 1692844 (EDNY 2000)

_Becher v. Feller_                                                                   11
    64 A.D.3d 672, 884 N.Y.S.2d 83 (2d Dept. 2009)

_Bell Atl. Corp. v. Twombly_                                                         3, 4
    550 U.S. 544 (2007)

_Bingham v. Zolt_                                                                    10
    683 F. Supp. 965 (SDNY 1988)

_Conte v. Newsday, Inc._                                                             13
    703 F. Supp. 2d 126 (EDNY 2010)

_DeFalco v. Bernas_                                                                  5
    244 F.3d 286 (2d Cir. 2001)

_Efron v. Embassy Suites (Puerto Rico), Inc._                                        4
    223 F.3d 12 (1st Cir. 2000)

_Evercrete Com. v. H-Cap, Ltd._                                                      11
    429 F. Supp. 2d 612 (SDNY 2006)

Ferri v. Berkowitz                                                                   13
    678 F. Supp2d 66 (EDNY 2009)

_First Capital Asset Management, Inc. v. Satinwood, Inc._                            9, 11, 12, 13
    385 F.3d 159 (2d Cir. 2004)

_Goldfine v. Sichenzia_                                                              7
    118 F. Supp. 2d 392 (SDNY 2000)

_Gross v. Waywell_                                                                   5
    628 F. Supp. 2d 474 (SDNY 2009)

_H.J. Inc. v. Northwestern Bell Telephone Co._                                       8, 9, 10
    492 U.S. 229 (1989)

*Hoatson v. NY Archdiocese*                                    13
    2007 WL 431098 (SDNY 2007)

*Hutt v. Lumbermens Mut. Casualty Co.*                        15
    95 A.D.2d 255, 466 N.Y.S.2d 28 (1983)

*In re Am. Express Co. S'holder Litig.*                        3
    39 F.3d 395 (2d Cir. 1994)

*Kades v. Organic Inc..*                                      10, 11
    2003 WL 470331 (SDNY 2003)

*Kadouri v. Fox*                                              11
    2005 WL 783255 (EDNY 2005)

*Kottler v. Deutsche Bank AG*                                 13
    607 F. Supp. 2d 447 (SDNY 2009)

*Leucadia, Inc. v. Reliance Ins. Co.*                         15
    864 F.2d 964 (2d Cir.1988)

*Mason v. Am Tobacco Co.*                                      3
    346 F.3d 36 (2d Cir. 2003)

*Mills v. Everest Reinsurance Co.*                            15
    410 F. Supp. 2d 243 (SDNY 2006)

*Mills v. Polar Molecular Corp.*                               4
    12 F.3d 1170 (2d Cir. 1993)

*Moy v. Terranova*                                            12
    1999 WL 118773 (EDNY 1999)

*Papasan v. Allain*                                            3
    478 U.S. 265 (1986)

*Passini v. Falke-Gruppe*                                     8, 10
    745 F. Supp. 2d 991 (SDNY 1990)

*Paul Boritzer v. Albert L. Calloway, Jr.*                    6, 7, 8, 9, 12
    2013 U.S. Dist. LEXIS 11119 (SDNY 2013)

*Patrizzi v. Bourne in Time, Inc.*                            6, 11
    2012 U.S. Dist. LEXIS 146861 (SDNY 2012)

*Purchase Real Estate Grp Inc. v. Jones*                       5
    2010 U.S. Dist. LEXIS 43201, 2010 WL 1837809 (SDNY 2010)

*Retropolis, Inc. v. 14th Street Development LLC*      14
    17 A.D.3d 209, 797 N.Y.S.2d 1 (1st Dept. 2005)

*Rombach v. Chang*      16
    355 F.3d 164 (2d Cir. 2004)

*Rosenson v. Mordowitz*      5, 13
    2012 U.S. Dist. LEXIS 120077 (SDNY 2012)

*Ross v. Bolton*      15
    904 F.2d 819 (2d Cir. 1990)

*Shields v. Citytrust Bancorp, Inc.,*      15, 16
    25 F.3d 1124 (2d Cir. 1994)

*Sobek v. Ouarttorochi*      10
    2004 WL 2809989 (SDNY 2004).

*Sweringen v. N.Y. State Dispute Resolution Assoc.*      15, 16, 17

    No. 05-CV-428 (NAM/DRH), 2006 WL 2811825 (NDNY Sept. 28, 2006)

*United States Fire Insurance Company v. United Limousine Service, Inc.*      8
    303 F. Supp. 2d 432 (SDNY 2004)

*U.S. v. Turkette*      12
    452 U.S. 576 (1981)

*Weizmann Inst. of Sci. v. Neschis*      10
    229 F. Supp. 2d 234 (SDNY 2002)

*Zanett Lombardier, Ltd. v. Maslow*      16
    29 A.D.3d 495 (1st Dep't 2006)


<u>*Rules and Statutes*</u>      <u>*Pages(s)*</u>

Federal Rules of Civil Procedure 9(b)      1, 4, 8, 15

Federal Rules of Civil Procedure 12(b)(l)      1

Federal Rules of Civil Procedure 12(b)(6)      1, 3

New York Limited Liability Company Law § 609.      14

Racketeer Influenced Corrupt Organization Act (18 U.S.C. §1961 et. seq.)      5, 8

## PRELIMINARY STATEMENT

Defendants NEW YORK MOTOR GROUP LLC ("NYMG"), PLANET MOTOR CARS, INC. ("Planet Motor"), MAMDOH ELTOUBY ("M Eltouby") and NADA ELTOUBY ("N Eltouby") [NYMG, Planet Motor, M Eltouby and N Eltouby are hereinafter individually and jointly referred to as "NYMG Defendant" and/or "NYMG Defendants"), in response to the Plaintiffs ANWAR ALKHATIB, BORIS FREIRE/MIRIAM OSORIO, SIMON GABRYS, ZHENG HUI DONG and NASRIN CHOWDHURY's Motion to Amend the Complaints ("Plaintiffs' Motion"), hereby moves to dismiss portions of the following Plaintiffs' Complaint/Amended Complaint/Second Amended Complaint (hereinafter individually and/or jointly referred to as "Plaintiff's(s') Complaint(s)") pursuant to Rules 12(b)(l), 12(b)(6) and 9(b) of the Federal Rules of Civil Procedure ("FRCP"), the Plaintiffs' Complaint as follows:

(i)    ANWAR ALKHATIB ("Alkhatib"), Alkhatib's Proposed Second Amended Complaint ("Alkhatib Complaint") attached as Exhibit A to Declaration of Peter T. Lane,  the same in Support of the Plaintiffs' Motion ("Lane Declaration"),;

(ii)    BORIS FREIRE and MIRIAM OSORIO ("Freire"), Freire's Proposed Amended Complaint ("Freire Complaint") attached as Exhibit B to the Lane Declaration;

(iii)    SIMON GABRYS ("Gabrys"), Gabrys' Proposed Amended Complaint ("Gabrys Complaint") attached as Exhibit C to the Lane Declaration;

(iv)    ZHENG HUI DONG ("Dong"), Dong's Proposed Second Amended Complaint ("Dong Complaint") attached as Exhibit D to the Lane Declaration; and

(v)    NASRIN CHOWDHURY ("Chowdhury"), Chowdhury's Proposed Second Amended Complaint ("Chowdhury Complaint") attached as Exhibit E to the Lane Declaration.

The particular portions of the Plaintiffs' Complaints which the NYMG Defendants seeks dismissals are as follows:

1

*Alkhatib Complaint*, Counts II and V, as well as those Counts as against M Eltouby and N Eltouby individually (Counts I, III, IV, VII, VII, VIII, IX and X);

*Freie Complaint*, Counts III, IV and VII, as well as those Counts as against M Eltouby and N Eltouby individually (Counts I, II, V, VIII, IX, X, XI, XII, XIII and XIV);

*Gabrys Complaint*, Counts II, III and VI, as well as those Counts as against M Eltouby and N Eltouby individually (Counts I, IV, V, VII, VIII, IX, X, XI and XII);

*Dong Complaint*, Counts I, II and IV, as well as those Counts as against M Eltouby and N Eltouby individually (Counts III, VI, VIII, IX and X); and

*Chowdhury Complaint*, Counts I, II and V, as well as those Counts as against M Eltouby and N Eltouby individually (Counts III, IV, VI, VII, VIII, IX, X and XI).

Alkhatib, Freire, Gabrys, Dong and Chowdhury are also hereinafter individually and and/or jointly referred to as "Plaintiff" and/or "Plaintiffs" respectively.

Additionally, the Alkhatib Complaint, Freire Complaint, Gabrys Complaint, Dong Complaint and Chowdhury Complaint are also hereinafter individually and and/or jointly referred to as "Plaintiff's Complaint" and/or "Plaintiffs' Complaints".

The Plaintiffs' complaints each contain allegations borne from the Plaintiffs' purchase of certain automobiles form NYMG. Each transaction was memorialized by a Purchase Agreement, Retail Installment Contract and other associated documents/agreements whereby

2

each Plaintiff acknowledged the purchase, pricing and lending relationship.  Plaintiffs do not allege any claims of defectiveness of the automobiles.

## STANDARDS FOR A MOTION TO DISMISS

It is well settled that on a motion to dismiss only well-pleaded allegations of fact are required to be accepted as true.  See, *Papasan v. Allain*, 478 U.S. 265, 286 (1986).  "[L]egal conclusions, deductions or opinions couched as factual allegations are not given [such] a presumption of truthfulness."  *Mason v. Am Tobacco Co.*, 346 F.3d 36, 39 (2d Cir. 2003), cert denied, 541 U.S. 1057 (2004).  Thus, "conclusory allegations of the legal status of the defendants' acts need not be accepted as true."  *In re Am. Express Co. S'holder Litig*, 39 F.3d 395, 400 n.3 (2d Cir. 1994).

More recently, the Supreme Court has offered additional guidance for the analysis of motions to dismiss.  *Bell Atl. Corp. v. Twombly*, 550 U.S. 544 (2007), and *Ashcroft v. Iqbal*, 129 S.Ct. 1937 (2009).  In *Twobly*, the Supreme Court held that a plaintiff must incorporate "more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." *Twombly*, 550 U.S. at 555.  To survive a FRCP 12(b)(6) motion to dismiss, "Factual allegations must be enough to raise a right to relief above the speculative level . . . on the assumption that all the allegations in the complaint are true (even if doubtful in fact)."  Id at 555. *Iqbal* then requires a two-step approach in deciding whether a complaint contains sufficient plausible factual allegations to withstand a motion to dismiss for failure to state a claim.  See, *Iqbal,* 129 S. Ct. at 1949-50.  First, the Court must accept as true factual allegations but discount legal conclusions clothed in factual garb. ("First, the tenet that a court must accept as true all of the allegations contained in a complaint is inapplicable to legal conclusions .."). Second, once non-conclusory factual allegations have been identified, "the court must determine if these well-

3

pleaded factual allegations plausibly suggest an entitlement to relief." *Iqbal*, 129 S.Ct. at 1951. "Determining whether a complaint states a plausible claim for relief will . . . be a context-specific task that requires the reviewing court to draw on its judicial experience and common senses." *Iqbal*, 129 S.Ct. at 1950; See also, *Twombly*, 550 U.S. at 563. "The plausibility standard is not akin to a 'probability requirement' but it asks for a more than a sheer possibility that a defendant has acted unlawfully." *Iqbal,* 129 S.Ct. at 1949, quoting Twombly, 550 U.S. at 557.

As will be demonstrated in detail below, the Plaintiffs' Complaint, where noted, repeatedly fails to meet the standards of *Twombly* and *Iqbal*.

## POINT I:
## THE RICO COUNTS SHOULD BE DISMISSESD IN FAVOR FO THE NYMG DEFENDANTS AS THE PLAINTIFFS HAVE NOT PLED/CANNOT PLEAD VIABLE RICO CLAIMS

**A.**     **The Standard Required For a RICO Pleading.**

All claims sounding in fraud, including those under the Racketeer Influenced Corrupt Organization Act ("RICO"), must comply with FRCP 9(b)'s heightened pleading standard. To meet the strictures of FRCP 9(b), "the complaint must: (1) specify the statements that the plaintiff contends were fraudulent, (2) identify the speaker, (3) state where and when the statements were made, and (4) explain why the statements were fraudulent." *Mills v. Polar Molecular Corp.*, 12 F.3d 1170, 1175 (2d Cir. 1993). Thus, with respect to the RICO claim, it is well established in this Circuit that:

> Allegations merit particular scrutiny where, as here, the predicate acts are mail and wire fraud, and where the use of mail or wires to communicate is not in and of itself illegal, unlike other predicate acts such as murder or extortion. See, *Efron v. Embassy Suites (Puerto Rico), Inc.*, 223 F.3d 12, 20 (1st Cir. 2000) ("We note that courts, including our own, have suggested that RICO claims premised on mail or wire fraud must be particularly scrutinized because of the relative ease with which a plaintiff may mold a RICO pattern from allegations

4

that, upon closer scrutiny, do not support it."); *Gross*, 628 F. Supp. 2d at 482 ("Exercise of federal court jurisdiction in ... cases ... that rely on nothing more than incidental use of mails or wires in furtherance of a simple fraudulent scheme with few victims and narrow impacts, would threaten to federalize garden-variety state common law claims, and offer a remedy grossly out of proportion to any public harm or larger societal interest associated with localized wrongful conduct involved in such actions."). *Rosenson v. Mordowitz*, 2012 U.S. Dist. LEXIS 120077 at 11-12 fn 3 (SDNY 2012).

As shown herein, the Plaintiffs have not and cannot meet these requirements for pleading a RICO claim.

**B.     Plaintiffs Have Not Alleged the Required Predicate Acts of Fraud.**

As a general rule, to establish a RICO claim, a plaintiff must show "(1) a violation of the RICO statute, 18 U.S.C. § 1962; (2) an injury to business or property; and (3) that the injury was caused by the violation of Section 1962." *DeFalco v. Bernas,* 244 F.3d 286, 305, 2001 U.S. App. LEXIS 5256 (2d Cir. 2001) (quotations omitted).  More specifically, in order to properly plead a civil RICO claim under Section 1962(c), a plaintiff "must allege (1) conduct (2) of an enterprise (3) through a pattern (4) of racketeering activity." *Purchase Real Estate Grp Inc. v. Jones,* 2010 U.S. Dist. LEXIS 43201, 2010 WL 1837809, at 5 (S.D.N.Y. 2010). Moreover, the four elements of a Section 1962(c) claim must be pleaded as to every, individual defendant. *DeFalco,* 244 F.3d at 306.

Plaintiffs' Complaints are essentially based upon the Plaintiffs' purchase of particular automobiles from NYMG, each of the Plaintiffs' purchases being one singular transaction, each of the individual transactions, as alleged in the Plaintiffs' Complaint, taking place, from initial negotiation to sale, to even communications thereafter, less than 13 months, at best [i.e, *Alkhatib Complaint*, ¶¶ 117, 118; *Freie Complaint*, Count III ¶¶ 150, 151, Count IV ¶¶ 185, 186; *Gabrys Complaint*, Count II ¶¶ 154, 155, Count III ¶¶ 190, 191; *Dong Complaint*, Count I ¶¶ 146, 147, Count II ¶¶ 181, 182; and Chowdhury Complaint,

Count I ¶¶ 156, 157, Count II ¶¶ 192, 193].

Plaintiffs allege, in a conclusory manner, the elements of a RICO claim as to all Defendants without specifying any specific coordinated acts committed by any particular Defendant. As shown herein, these types of bare-boned conclusory allegations fall well short of what is necessary to set forth a viable RICO claim.

It is well-settled, however, that similar, if not virtually identical allegations of predicate acts have been held insufficient, as a matter of law, to state a RICO pattern. See, *Paul Boritzer v. Albert L. Calloway, Jr.*, et al., 2013 U.S. Dist. LEXIS 11119 at 9 (SDNY 2013); See also, *Patrizzi v. Bourne in Time, Inc.*, 2012 U.S. Dist. LEXIS 146861 (SDNY 2012) (In dismissing Plaintiff's RICO claim supported by purported acts of wire fraud, the Court found that these allegations were deficient as they "amount[ed] to garden variety trademark infringement claims" and reiterated that a "garden variety fraud or breach of contract case" cannot be 'transform[ed]) into a vehicle for treble damages' by simply alleging the use of interstate mail, wires, or, as in the case here, the Internet.")

In <u>Boritzer</u>, the plaintiff brought a RICO claim against a number of defendants claiming, in relevant part, that (i) the plaintiff was defrauded because the monies which he gave to the defendants for an investment in new restaurants was never used for that purpose but kept by defendants and used for their own purposes; (ii) the defendants never intended to pay back the plaintiff despite a Secured Purchase Money Promissory Note which required them to do so; and (iii) defendants' operated their scheme over at least a five year period to lure an number of investors to invest in the restaurants. In support of his pattern of racketeering activity, the plaintiff relied upon three wire transfers for the alleged fraudulent predicate acts. In reviewing and ultimately dismissing this RICO claim the Court found such

"RICO predicate acts of fraud are insufficient as a matter of law", Id. at 29, and noted that "[i]t bears mentioning that courts examining RICO claims must do so in light of its congressional purpose: '[the protection of] legitimate businesses from infiltration by organized crime.'" Id. at 11 The Court explained that:

> "The 'allure' of the RICO statute lies in the prospect of 'treble damages, attorney's fees, and federal jurisdiction,' which together' present a powerful incentive for plaintiffs' to plead all standard fraud claims under the guise of RICO. Id. Thus, courts' approaches to RICO claims must remain cabined by very real concerns about the 'stigmatizing effect' of such an accusation. See 2012 U.S. Dist. LEXIS 120077, [WL] at 5 ('Consequently, courts have an obligation to scrutinize civil RICO claims early in the litigation to separate the rare complaint that actually states a claim for civil RICO from that more obviously alleging common law fraud.'); See also Goldfine v. Sichenzia, 118 F. Supp. 2d 392, 397 (S.D.N.Y. 2000) ('Because the mere assertion of a RICO claim … has an almost inevitable stigmatizing effect on those named as defendants, … courts should strive to flush out frivolous RICO allegations at an early state of the litigation. To this end, a court's focus must be to ensure that RICO's severe penal ties are limited to enterprises consisting of more than simple conspiracies to perpetuate the acts of racketeering. Thus, courts must always be on the lookout for the putative RICO case that is really nothing more than an ordinary fraud case clothed in the Emperor's trendy garb.' (citation omitted.))"

Here, when viewed in light of this policy and the applicable law, it becomes readily apparent that the instant Plaintiffs' RICO claims [*Alkhatib Complaint*, Count II; *Freie Complaint*, Counts III and IV; *Gabrys Complaint*, Counts II and III; *Dong Complaint*, Counts I and II; and *Chowdhury Complaint*, Counts I and II, the same also referred to "Rico Counts as to the Defendants"] are woefully deficient. The instant Plaintiffs have, at most, breach of contract claims and common tort claims, and some related regulatory breaches, each and all of which cannot be transmogrified into a RICO claim. Moreover, the Plaintiffs' Complaints, similar to the Boritzer complaint, relies upon virtually identical allegations of five automotive purchase transactions as the fraudulent predicate acts, provides similar conclusory allegations and does not provide specific allegations of fraudulent

7

predicate acts committed by each defendant but instead relies upon allegations of wrongful conduct by all Defendants. "[T]his type of group pleading' is not permitted under Rule 9(b)." *United States Fire Insurance Company v. United Limousine Service, Inc.*, 303 F. Supp. 2d 432, 445 2004 U.S. Dist. LEXIS 2455 at *16 (S.D.N.Y. 2004).

Moreover, it is well established that "a conclusory allegation, without more, of the existence of a scheme to defraud is insufficient as a matter of law." *Boritzer*, 2013 U.S. Dist. LEXIS 11119 at 26. Accordingly, this Court, similar to the Court in *Boritzer*, should also dismiss the instant Amended Complaint without leave to replead. See also, *Passini v. Falke-Gruppe*, 745 F. Supp. 2d 991, 1990 U.S. Dist. LEXIS 12738 (S.D. N.Y. 1990) (Court dismissed RICO claim based upon predicate acts of mail and wire fraud finding that plaintiff alleged "no more than a straight forward breach of contract claim" as the complaint recited "a single alleged scheme involving a single perpetrator consisting of affiliated companies, a single victim and a single transaction gone sour."). Also, Plaintiffs have already had the opportunity to amend its complaint, such further amending providing the Plaintiff with nothing more that expectation of conclusory semantics.

## C.   Plaintiffs Do Not Allege a "Pattern Of Racketeering Activity".

To state a claim under Section 1962, a plaintiff must also allege that the defendant engaged in a "pattern of racketeering activity." See, *H.J. Inc. v. Northwestern Bell Telephone Co.*, 492 U.S. 229, 232 (1989). To do so, the complaint must allege that "the racketeering predicates are related, and that they amount to or prove a threat of continued criminal activity." Id. at 239. The Supreme Court in H.J. Inc. explained that "[c]ontinuity" is both a closed and open-ended concept, referring either to a closed period of repeated conduct, or to past conduct that by its nature projects into the future with a threat of repetition." H.J., Inc.,

at 241.  As shown herein, the Plaintiffs' Complaints do not allege predicate acts with the requisite continuity, and thus fails to allege a pattern.

*(i)      The Plaintiffs' Complaints Do Not Allege Open-Ended Continuity.*

The Plaintiffs have not pled open-ended continuity.  Open-ended continuity concerns the threat that the alleged wrongful content will continue into the future, and may be demonstrated by pleading "past conduct that by its nature projects in the future with a threat of repetition." *H.J. Inc.*, 492 U.S. at 241.  In its Plaintiffs' Complaints, Plaintiffs alleges open-ended continuity by claiming, in a conclusory manner [i.e, *Alkhatib Complaint*, ¶ 128; *Freie Complaint*, Count III ¶¶ 165, 166, Count IV ¶¶ 190, 196; *Gabrys Complaint*, Count II ¶¶ 170, 171, 172, Count III ¶¶ 201;  *Dong Complaint*, Count I ¶¶ 161-163, Count II ¶¶ 192; and Chowdhury Complaint, Count I ¶¶ 172-174, Count II ¶¶ 203] that the purported racketeering activity is ongoing and may continue into the future.  The only predicate acts specified by Plaintiffs are, at best, the five vehicle purchases, one for each Plaintiff,  that occurred, at best and in totality, between December 2013 to January, 2014.  The Plaintiffs have not offered any specific allegations of continuity.  These allegations have consistently been held insufficient to allege open-ended continuity.  *See Boritzer*, 2013 U.S. Dist LEXIS 11119 at 34-38; *See also, First Capital Asset Management, Inc. v. Satinwood, Inc.*, 385 F.3d 159, 181, 2004 U.S. App. LEXIS 20302 at 56 (2d Cir. 2004) (no open ended continuity where "alleged predicate acts do not 'amount to or pose a threat of continued criminal activity'").

In <u>Boritzer</u>, the plaintiff claimed open-ended continuity by alleging that defendants continued to solicit funds for defendants' restaurant ventures which continued to fail and close. The Court, however, held that despite these additional conclusory allegations of continuing activity, the "three wire transfers that Plaintiffs made in 2008, together with the

9

information concerning other Bernard-Calloway restaurant failures... [was not] a sufficient showing of the threat of continued criminal activity, as required by RICO's open-ended continuity requirement." Id. at 36-37.  Here, despite Plaintiffs' similar conclusory claims of unspecified continuing activities, the instant Plaintiffs five transaction are also insufficient for open-ended continuity.  See also, *Weizmann Inst. of Sci. v. Neschis*, 229 F. Supp. 2d 234, 257 n.30 (SDNY 2002) ("A simple statement that the 'scheme continues to date,' without more, does not suffice [to allege open-ended continuity].");  See also, <u>Passini</u>, 1990 U.S. Dist. LEXIS 12738 at 6 ("improper to 'characterize the defendant's subsequent enjoinment of the proceeds of the scheme as continuing criminal activity.'") (quoting *Bingham v. Zolt*, 683 F. Supp. 965, 970 (SDNY 1988).

*(ii)*     ***The Plaintiffs' Complaints Do Not Allege Closed-Ended Continuity.***

A party may demonstrate closed-ended continuity "by proving a series of related predicates extending over a substantial period of time." H.J. Inc., 492 U.S. at 242. "[I]t is necessary to consider whether the continuity allegations have been satisfied as to each defendant, taking into account the duration of the continuity allegations and other factors such as the number and variety of predicate acts, the number of both participants and victims, and the presence of separate schemes." *Kades v. Organic Inc.*, 2003 WL 470331, at 12 (S.D.N.Y. 2003).

Closed-ended continuity is "centrally a temporal concept," H.J. Inc., 492 U.S. at 242, and "[i]n considering whether the Plaintiffs have met the continuity requirement, courts determine which predicate acts were pled with the requisite particularity and what time frame these acts can be said to span." *Kades*, 2003 WL 470331, at 11. *Sobek v. Ouarttorochi*, 2004 WL 2809989, at 4 (SDNY 2004).

Courts are reluctant to find closed-ended continuity where the alleged predicate acts do not extend beyond two years. Id. ("Since the Supreme Court decided H.J. Inc., the Second Circuit has never held a period of less than two years to constitute a 'substantial period of time' for purposes of the closed-ended continuity text."); *First Capital Asset Mgmt., Inc. v. Satinwood, Inc.*, 385 F.3d at 182, 2004 U.S. App. LEXIS at 58-59 (No closed-end continuity where defendant "committed his last predicate act roughly two-and-a-half years after his first predicate act."); *Kadouri v. Fox*, 2005 WL 783255, at 3 (EDNY 2005); Patrizzi, 2012 U.S. Dist. LEXIS 146861 at 14 (Court dismissed RICO claim for lack of continuity which occurred over a period of two years and eleven months reiterating the principal that "schemes involving a single, narrow purpose and one or few participants directed towards a single victim do not satisfy the RICO requirement of a closed or open pattern of continuity.") (quoting *Evercrete Com. v. H-Cap, Ltd.*, 429 F. Supp. 2d 612, 624-25 (S.D.N.Y. 2006)); *Becher v. Feller,* 64 A.D.3d 672, 884 N.Y.S.2d 83, 2009 N.Y. App. Div. LEXIS 5799 (2d Dep't 2009) (No continuity where plaintiffs action involved one real estate transaction that spanned one year).

Here, Plaintiffs do not even attempt to allege predicate acts that extend over a substantial period of time. All the vehicle transactions, even including the pre and post-discussions, which form the basis of Plaintiff's' predicate acts, as alleged, occurred less than 13 months at best.  and any related predicate acts, at best in combining all the Plaintiffs' transaction, occurring during this same 13 month period [i.e, *Alkhatib Complaint*, ¶¶ 117, 118; *Freie Complaint*, Count III ¶¶ 150, 151, Count IV ¶¶ 185, 186; *Gabrys Complaint*, Count II ¶¶ 154, 155, Count III ¶¶ 190, 191; *Dong Complaint*, Count I ¶¶ 146, 147, Count II ¶¶ 181, 182; and Chowdhury Complaint, Count I ¶¶ 156, 157, Count II ¶¶ 192, 193].

Accordingly, Plaintiffs have not and cannot allege a closed-end continuity.   See

11

*Boritzer*, supra, 2013 U.S. Dist LEXIS 11119 at *31  (No closed-end continuity even though plaintiff alleged that defendants operated a scheme for many years since the Complaint lacked "specifics that suggest Defendants' scheme extended beyond the few months in which the wire transfers were made to the Company account.")

**(iii)     *The Plaintiffs' Complaints Do Not Allege a Cognizable RICO "Enterprise."***

Plaintiffs RICO claims, as to the Defendants Estrada, M Eltouby and N Eltouby [*Alkhatib Complaint*, Count II; *Freie Complaint*, Count IV; *Gabrys Complaint*, Count III; *Dong Complaint*, Count II; and Chowdhury Complaint, Count II, the same also referred to as "Rico   Counts   as to   Eltoubys"] are predicated upon an alleged association-in-fact enterprise.     However, even an association-in-fact enterprise must have "an ongoing organization, formal or informal," with "the various associates [that] function as a continuing unit." *U.S. v. Turkette*, 452 U.S. 576, 583 (1981).  Thus, facts must be alleged establishing "an entity separate and apart from the pattern of activity in which it engages."  Id.

Here, Plaintiffs do not allege any racketeering enterprise "separate and apart from the pattern of activity in which it engages." *Turkette*, 452 U.S. 583.  Further, Plaintiffs do not even delineate the specific roles of any Defendants in the purported enterprise. *First Capital Asset Management, Inc.*, 385 F.3d at 175, 2004 U.S. App. LEXIS 20302 at 38 (The "conclusory naming of a string of entities does not adequately allege an enterprise.") (quoting *Moy v. Terranova*, 1999 WL 118773, at 5 (EDNY 1999)).

Plaintiffs do not even delineate the specific roles of any NYMG Defendants in the purported enterprise.  See *First Capital Asset Management, Inc. v. Satinwood, Inc.*, 385 F.3d 159, 175 (2d Cir. 2004).  There is no information in the Plaintiffs' Complaints, nor can any be inferred, as to any hierarchy, organization or activities of the alleged enterprise, such allegations

12

necessary to properly allege that the enterprise functioned in an ongoing manner "as a unit." See *Ferri v. Berkowitz*, 678 F.Supp.2d 66 (EDNY 2009).

Moreover, Plaintiffs do not provide any allegations which create "a discrete economic association existing separately from the racketeering activity." *First Capital Asset Mgmt. Inc.*, 385 F.3d at 173, 2004 U.S. App. LEXIS 20302 a 33-34; *Hoatson v. N.Y. Archdiocese*, 2007 WL 431098, at 3 (SDNY 2007) (The enterprise is "an entity separate and apart from the pattern of activity in which it engages, and must be alleged and proved separately"). Nor are there any allegations that even suggest that the enterprise would exist "were the predicate acts removed from the equation." See *Bank v. Brooklyn Law School*, 2000 WL 1692844, at 4 (EDNY 2000); Hoatson, 2007 WL 431098, at 3 (Plaintiffs must allege facts, which assert that the enterprise existed separate and apart from the alleged illegal activities).

Accordingly, Plaintiffs have failed to provide another required element for its purported RICO claim and same should be dismissed for this reason as well. See *First Capital Asset Management, Inc.*, 385 F.3d at 174 (Plaintiff failed to allege viable enterprise where complaint did not "detail any course of fraudulent or illegal conduct separate and distinct from the alleged predicate racketeering acts themselves, a requirement in this circuit."; *Kottler v. Deutsche Bank AG*, 607 F. Supp. 2d 447, 459, 2009 U.S. Dist. LEXIS 40294 at 19 (SDNY 2009) (Plaintiff failed to allege viable enterprise where the enterprise and pattern "are one and the same."); *Rosenson v. Mordowitz*, 2012 U.S. Dist. LEXIS 120077 at 28 (SDNY 2012) (Plaintiff failed to allege RICO enterprise as "[i]t is axiomatic that a RICO person cannot associate with himself and be both the RICO defendant and the RICO enterprise."); *Conte v. Newsday, Inc.*, 703 F. Supp. 2d 126, 135, 2010 U.S. Dist. LEXIS 28502 at 15 (E.D.N.Y. 2010) (RICO claim dismissed where plaintiff failed "to allege how each defendant associated

with the other defendants in the alleged enterprise, what the Defendants' roles were in any alleged enterprise, the structure and functioning of the alleged enterprise, or even a coherent common purpose of the enterprise.")

In sum, the Plaintiffs' RICO claims are constructed of bare-boned conclusory deficient allegations fall well short of what is necessary to set forth a viable RICO claim.

**POINT II:**
**THE PLAINITFFS' COMPLAINTS SHOULD BE DISMISSED AS TO DEFENDANTS MAMDOH ELTOUBY AND NADA ELTOUBY SINCE THOSE DEFENDANTS ACTED IN THEIR REPRESENTATIVE CAPACITY**

It is well settled that a corporate officer or member of a limited liability company "cannot be held liable for the company's obligations by virtue of his status as a member thereof". *Retropolis, Inc. v. 14th Street Development LLC*, 17 A.D.3d 209, 210 (2005) (1st Dep't 2005). See also, New York Limited Liability Company Law § 609.

There is no dispute that the Defendants M Eltouby and N Eltouby, if and when acting as alleged in the Plaintiffs' Complaints, acted only in their capacity as officer and employee respectively of NYMG and/or Planet Motor.

As such the following portions of the Plaintiffs' Complaint should be dismissed:

>    *Alkhatib Complaint*, as against M Eltouby and N Eltouby individually -
>        Counts I, III, IV, VII, VII, VIII, IX and X;
>    *Freie Complaint*, as against M Eltouby and N Eltouby individually - Counts I,
>        II, V, VIII, IX, X, XI, XII, XIII and XIV;
>    *Gabrys Complaint*, as against M Eltouby and N Eltouby individually - Counts
>        I, IV, V, VII, VIII, IX, X, XI and XII;

\*Dong Complaint*, as against M Eltouby and N Eltouby individually  - Counts III, VI, VIII, IX and X; and

*Chowdhury Complaint*, as against M Eltouby and N Eltouby individually - Counts III, IV, VI, VII, VIII, IX, X and XI.

**POINT III:**
**THE PLAINTIFFS' COMPLAINTS FAIL TO STATE A CLAIM FOR FRAUD AGAINST THE DEFENDANTS MAMDOH ELTOUBY AND NADA ELTOUBY**

FRCP 9(b) requires a party alleging fraud to "state with particularity the circumstances constituting fraud or mistake."  The underlying purpose of Rule 9(b)'s heightened standard is to "afford defendant[s] fair notice of [the] plaintiff's claim and the factual ground upon which it is based." *Mills v. Everest Reinsurance Co.*, 410 F. Supp. 2d 243, 248 (S.D.N.Y. 2006) (citing *Ross v. Bolton*, 904 F.2d 819, 823 (2d Cir. 1990)).  In order to meet the pleading requirements of Rule 9(b), a plaintiff's claim must "(1) specify the statements that the plaintiff contends were fraudulent, (2) identify the speaker, (3) state where and when the statements were made, and (4) explain why the statements were fraudulent." *Sweringen v. N.Y. State Dispute Resolution Assoc.*, No. 05-CV-428 (NAM/DRH), 2006 WL 2811825, at *3 (N.D.N.Y. Sept. 28, 2006) (quoting *Shields v. Citytrust Bancorp, Inc.*, 25 F.3d 1124, 1128 (2d Cir. 1994)).  Under New York law, each element of a fraud claim must be shown by clear and convincing evidence. *Leucadia, Inc. v. Reliance Ins. Co.*, 864 F.2d 964, 971 (2d Cir.1988) (citing *Hutt v. Lumbermens Mut. Casualty Co.*, 95 A.D.2d 255, 466 N.Y.S.2d 28 (1983), cert. denied, 490 U.S. 1107, 109 S.Ct. 3160, 104 L.Ed.2d 1023 (1989)).

Plaintiffs' fraud claims against M Eltouby and N Eltouby [*Alkhatib Complaint*, Count V; *Freie Complaint*, Count VII; *Gabrys Complaint*, Count VI; *Dong Complaint*, Count IV; and *Chowdhury Complaint*, Count V, all such Counts hereinafter referred to as

"Fraud Counts as to Eltoubys"] are deficient under this analysis.

Plaintiffs' fail to identify any false statement made by M Eltouby and/or N Eltouby. All Plaintiffs allege is that the "Defendants", in plurality without identify which Defendants said or did what.  See, e.g. *Rombach v. Chang*, 355 F.3d 164, 174 (2d Cir. 2004) (noting that plaintiff's alleged fraud "must do more than say the statements ... were false and misleading; they must demonstrate with specificity why and how that is so").

In addition, to state a claim for fraud in New York, the plaintiff must "allege misrepresentation or concealment of a material fact, falsity, scienter by the wrongdoer, justifiable reliance on the deception, and resulting injury." *Zanett Lombardier, Ltd. v. Maslow*, 29 A.D.3d 495, 495 (1st Dep't 2006). Plaintiffs have failed to meet each and every one of these requirements.

Plaintiffs have not alleged with particularity any false statements by M Eltouby and/or N Eltouby.  In turn, absent any specific false statement(s), Plaintiffs cannot allege the required element of justifiable reliance upon a deception by M Eltouby and/or N Eltouby.

Further, Plaintiffs have not adequately pleaded scienter. The Second Circuit has held that plaintiffs claiming fraud "must allege facts that give rise to a strong inference of fraudulent intent." *Acito v. IMCERA Group, Inc.*, 47 F.3d 47, 52 (2d Cir. 1995).  In order to raise such an inference, "a plaintiff may either (1) allege facts showing both a motive for committing fraud and a clear opportunity for doing so, or identify circumstances indicating conscious or reckless misbehavior by the defendants." *Sweringen*, 2006 WL 2811825, at *4 (citing *Shields v. Citytrust Bancorp, Inc.*, 25 F.3d 1124, 1128 (2d Cir. 1994)) (discussing fraud claim under New York law).

Here, the Plaintiffs have not alleged facts or circumstances sufficient to raise an

inference of scienter related to M Eltouby and/or N Eltouby. An allegation that pecuniary gain motivated a defendant's fraud, without more is insufficient to give rise to an inference of fraudulent intent. See *Sweringen*, 2006 WL 2811825, at *4.

As a result of these deficiencies, the Fraud Counts as to Eltoubys should be dismissed.

## **CONCLUSION**

Based on the foregoing, the defendants NEW YORK MOTOR GROUP LLC, PLANET MOTOR CARS, INC., MAMDOH ELTOUBY and NADA ELTOUBY respectfully request that this Court:

(i) dismiss the following portions of the Plaintiffs' Complaints:

*Alkhatib Complaint*, Counts II and V, as well as those Counts as against M Eltouby and N Eltouby individually (Counts I, III, IV, VII, VII, VIII, IX and X);

*Freie Complaint*, Counts III, IV and VII, as well as those Counts as against M Eltouby and N Eltouby individually (Counts I, II, V, VIII, IX, X, XI, XII, XIII and XIV);

*Gabrys Complaint*, Counts II, III and VI, as well as those Counts as against M Eltouby and N Eltouby individually (Counts I, IV, V, VII, VIII, IX, X, XI and XII);

*Dong Complaint*, Counts I, II and IV, as well as those Counts as against M Eltouby and N Eltouby individually (Counts III, VI, VIII, IX and X); and

*Chowdhury Complaint*, Counts I, II and V, as well as those Counts as against

M Eltouby and N Eltouby individually (Counts III, IV, VI, VII, VIII,

IX, X and XI).

(ii) award the defendants NEW YORK MOTOR GROUP LLC, PLANET

MOTOR CARS, INC., MAMDOH ELTOUBY and NADA ELTOUBY its costs and damages,

including reasonable attorney's fees, in defending he instant action; and,

(iii) for such other and further relief as to this Court seems just and proper.


Dated:      New Hempstead, New York
            September 23, 2014


                        Yours, etc.

                        By: _____
                        Bruce W. Minsky, Esq.
                        Law Offices of Bruce W. Minsky, P.C.
                        *Attorneys for the Defendants* NEW YORK MOTOR
                        GROUP, LLC, PLANET MOTOR CARS, INC.,
                        MAMDOH ELTOUBY and NADA ELTOUBY
                        112 Brick Church Road
                        New Hempstead, New York 10977
                        Phone: (646) 234-7006
                        Facsimile: (702) 973-6607
                        Email: bwminsky@gmail.com


To:    Schlanger & Schlanger, LLP
       *Attorneys for the Plaintiffs*
       9 East 40th Street, Suite 1300
       New York, New York 10016
       Attn.: Peter T. Lane, Esq.

       MFY Legal Services, Inc.
       299 Broadway, 4th Floor
       New York, NY 10007
       Attn.: Ariana Lindermayer, Esq.

LeClairRyan, LLP
*Attorneys for the Defendant* Santander Consumer USA, Inc.
885 Third Avenue, 16th Floor
New York, NY 10022
Attn.: Robert J. Brener, Esq.

Podvey Meanor Catenacci Hildner Cocoziello & Chattman
*Attorneys for the Defendant Capital One Auto Finance, Inc.*
One Riverfront Plaza, 8th Floor
Newark, New Jersey 07102

Lance Grossman, Esq.
*Attorneys for the Defendant*  M&T Bank Corp.
233 Broadway, Suite 2220
New York, New York 10279

Burr & Forman LLP
*Attorneys for the Defendant Capital One Auto Finance, Inc.*
420 20th Street North, Suite 3400
Birmingham, Alabama 35203
Attn.:  Edward Cotter, Esq.